**UNITED STATES of America, Plaintiff,**

v.

**Kevin KAQUATOSH, Defendant.**

**No. 02–CR–151.**

United States District Court, E.D. Wisconsin.

March 4, 2003.

---

Joy M. Bertrand, Milwaukee, WI, for Plaintiff.

Dean Strang, Fed. Defender, Milwaukee, WI, for Defendant.

### DECISION AND ORDER ON DEFENDANT'S MOTION TO SEAL EX PARTE SUBMISSION

ADELMAN, District Judge.

Defendant Kevin Kaquatosh is charged with two counts of assault with intent to kill and one count of obstructing a federal officer. The assault charges will be tried together at a trial commencing on March 10, 2003. Before me is defendant's motion to file under seal an ex parte statement concerning the assaults. The government opposes the request.

### I.

Count one of the indictment alleges that on December 31, 2001 defendant assaulted with intent to kill Marvin Wayka by striking Wayka on the head with a wooden object, causing Wayka to lose consciousness and sustain an open skull fracture. Count two charges that on January 6, 2002 defendant assaulted with intent to kill August Corn, Jr. by stabbing Corn in the face with a knife, causing a six-inch by one-inch wound. Defendant apparently concedes that he was involved in altercations with Wayka and Corn on the charged dates, and that serious bodily injury was inflicted on both. He denies, however, that he intended to kill the two men. In the event the jury agrees and convicts him only of lesser included offenses, he wishes, for purposes of sentencing only, to have on file a statement containing his version of the events. The statement would be relevant, he contends, in assessing acceptance of responsibility under U.S.S.G. § 3E1.1 for the lesser included offenses.[1] In order not to compromise his privilege against self-incrimination and his position at trial, defendant asks that the statement be accepted ex parte and sealed until after the trial. After the jury returns a verdict, the state-

---

1. Section 3E1.1 provides: "(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels. (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:(1) timely providing complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level."

ment may be unsealed and provided to the government. Defendant also requests that the court refrain from reading the statement until after trial.

The government argues that ex parte and sealed submissions are appropriate only in exceptional circumstances, none of which are present here. It contends that defendant is simply hedging his bets— filing a statement to show acceptance of responsibility while still going to trial. The government notes that under § 3E1.1 it is rarely appropriate to grant a reduction for acceptance of responsibility after the defendant has put the government to its burden of proof at trial.

## II.

Judicial proceedings and documents are presumptively open and available. The presumption may be overcome only when sealing is essential to preserve higher values and is narrowly tailored to serve that interest. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir.1994). A court confronted with a request to seal must balance the interest underlying the presumption against the asserted interest in confidentiality. *In re Continental Illinois Securities Litigation*, 732 F.2d 1302, 1313 (7th Cir.1984).

Defendant Kaquatosh has overcome the presumption. First, he has an interest, grounded in the Fifth and Sixth Amendments, in a fair trial. His statement (which, of course, the government

cannot compel him to provide, *see* Fed. R.Crim.P. 16(b)(2)(B)), could be used against him at trial if furnished now. Defendant also has an interest in being sentenced based on fair and accurate information. Under § 3E1.1, "the timeliness of the defendant's conduct in manifesting acceptance of responsibility" is a factor the court may consider in granting the reduction. U.S.S.G. § 3E1.1 cmt n.1(h); *see also* U.S.S.G. § 3E1.1 cmt. n.2 (stating that "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct"). Thus, the court's fact-finding at sentencing may be assisted by acceptance of the statement prior to trial.

The government correctly notes that ordinarily a defendant who goes to trial is ineligible for the § 3E1.1 reduction. However, the prohibition is not absolute,[2] and courts have granted the reduction in cases where the defendant admitted his conduct but denied having the intent to commit the charged crime. *E.g., United States v. Gauvin*, 173 F.3d 798, 806 (10th Cir.1999) (holding that defendant could receive the reduction where he admitted to striking police squad car with his truck during a chase but denied that he did so with the intent to cause harm). This, of course, does not mean that defendant Kaquatosh is guaranteed a reduction under § 3E1.1, regardless of the nature of the jury's verdict. By this order I merely allow defendant to submit ex parte and under his seal

---

**2.** Application note 2 to § 3E1.1 states: "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal

conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."

his statement, which I will consider for what it is worth only at sentencing.

Nor do I believe, as the government fears, that the granting of this motion will lead every criminal defendant to file a pre-trial mea culpa, "proceed to trial, and then be treated as if he had accepted responsibility all along." (R. 60 at 4.) This argument assumes that courts will grant the reduction to every defendant who files a pre-trial statement of acceptance or remorse. But the law provides no basis for such an assumption. In order to obtain the reduction a defendant's position at trial must be a reasonable one, consistent with U.S.S.G. § 3E1.1 cmt. n.2. *See United States v. Forchette*, 220 F.Supp.2d 914, 922–23 (E.D.Wis.2002) (denying the reduction where the defendant's trial position that he lacked the necessary intent was unreasonable). Cynical attempts at sentence manipulation such as those the government predicts will not get defendants very far and, if there is no gain, defendants will not inundate the court with such filings. Further, submissions such as this one should be accepted in the first instance only when the defendant has demonstrated that his trial position may be consistent with § 3E1.1. *See Forchette*, 220 F.Supp.2d at 921–22 (discussing the limited circumstances under which the defendant may go to trial yet still receive the reduction). Therefore, the court need not even accept a statement such as that envisioned by the government, let alone rely on it at sentencing.

Neither will acceptance of the statement enmesh the court in plea negotiations, as the government fears (and Fed.R.Crim.P. 11(e) forbids). From what I have gathered from the parties' submissions, there were discussions concerning defendant entering a plea to lesser charges, which broke down. The government seems to contend that by presenting the statement ex parte and seeking a guarantee that he will receive the § 3E1.1 reduction defendant is seeking the court's assistance in obtaining a plea agreement to a reduced charge. But this concern is unfounded; defendant has neither sought nor received a guarantee of anything; I will not read the statement prior to trial; and I will not involve myself in plea negotiations.

Second, the government will suffer no prejudice as the result of a limited sealing order. The statement will be unsealed prior to sentencing and the government afforded an opportunity to review and, if appropriate, rebut its contents. The statement will not be relevant at trial, and I will not review it prior to a verdict or rely on it in making any rulings prior to sentencing. Thus, the usual danger of ex parte submissions—that the court will act based on a one-sided view of the issue—is not present here, and acceptance of the statement will not, as the government fears, compromise the court's impartiality or constitute improper communication concerning issues the court will rule upon prior to and at trial. I see the statement at the same time as the government.

Finally, I conclude that the public interest will not be harmed by a limited sealing order. "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh Distributors*, 24 F.3d at 897 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973(1980)). None of these interests will be harmed by a limited sealing order. The public will have access to the statement prior to the only proceeding at which it will be relevant—sentencing—and permitting it to be submitted now may assist the court in more accurately determining a fair sentence, should that be necessary.

### III.

**THEREFORE, IT IS ORDERED** that defendant's motion to seal is **GRANTED** and the statement will be accepted ex parte. The court will not unseal its copy of the statement until after the jury returns a verdict and rules on post-trial motions after verdict.

**IT IS FURTHER ORDERED** that defendant's ex parte submission be unsealed and provided to the government, and, if appropriate, the Probation Office, after the jury returns its verdict in defendant's trial on the assault charges.